UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

TASHONN B.,

                        Plaintiff,

-against-                                        5:24-CV-210 (LEK/DJS)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

## **MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

      Plaintiff Tashonn B. filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security. Dkt. No. 1 ("Complaint"). Both parties filed motions for judgment on the pleadings supporting their respective positions, Dkt. No. 9 ("Plaintiff's Motion"), Dkt. No. 11 ("Defendant's Motion"), and Plaintiff filed a reply, Dkt. No. 12. On January 13, 2025, the Honorable Daniel J. Stewart, United States Magistrate Judge, issued a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 13 ("Report and Recommendation"). In the Report and Recommendation, Judge Stewart recommended denying Plaintiff's Motion, granting Defendant's Motion, affirming the decision of the Commissioner, and dismissing the Complaint. *Id.* at 11.

      Plaintiff filed objections to the Report and Recommendation, Dkt. No. 14 ("Objections"), and Defendant filed a response, Dkt. No. 15. For the reasons that follow, the Report and Recommendation is adopted in its entirety.

1

## II.  BACKGROUND

In the Report and Recommendation, Judge Stewart analyzed the two main arguments asserted in Plaintiff's Motion: 1) the ALJ failed to explain why she did not find marked limitations in the childhood domain of acquiring and using information and 2) the ALJ's residual functional capacity ("RFC") finding for the adult portion of the claim does not properly reflect her findings regarding Plaintiff's mental functioning. R. & R. at 8.

With respect to Plaintiff's first argument, Judge Stewart found that the "ALJ thoroughly supported her finding, citing various opinions and medical records." *Id.* Judge Stewart first noted that the ALJ discussed Plaintiff's IQ score and average test scores. *Id.* Then, Judge Stewart highlighted where the ALJ analyzed the various opinions from Plaintiff's teacher Ms. Gorman, consultative psychologist Ruby Phillips, and Drs. Fernandez and Hennessey. *Id.* at 8–9. Specifically, Drs. Fernandez and Hennessey ultimately concluded Plaintiff's psychiatric limitations were not severe. *Id.* Judge Stewart found that all of these opinions were "relevant considerations for the ALJ and the ALJ adequately explained her reliance on them." *Id.* at 9.

With respect to Plaintiff's second argument, Judge Stewart began by noting a finding of marked mental limitations does not mandate a finding that the claimant is disabled. *Id.* at 10 (citing *Kya M. v. Comm'r of Soc. Sec.*, 506 F. Supp. 3d 159, 166 (W.D.N.Y. 2020)). Judge Stewart then cited to *Julie B. v. Comm'r of Soc. Sec.*, 578 F. Supp. 3d 345, 353 (N.D.N.Y. 2022), which explicitly stated that mental limitations "can be addressed with additional limitations to a plaintiff's RFC, such as limiting [a] plaintiff to simple, routine and repetitive tasks." R. & R. at 10. Judge Stewart then analogized Plaintiff's circumstances to *Thomas C.W. v. Kijakazi*, 666 F. Supp. 3d 202, 219–20 (N.D.N.Y. 2023), where the court found that an RFC which restricted the plaintiff to simple, routine, and repetitive tasks, and limited interaction with others was

2

consistent with their marked limitations. R. & R. at 10. Judge Stewart concluded that the RFC was supported by substantial evidence and consistent with Plaintiff's marked limitations. *Id.*

### III. LEGAL STANDARD

#### A. Review of the Magistrate Judge's Report and Recommendation

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002). Review of decisions rendered by Magistrate Judges are also governed by the Local Rules. *See* N.D.N.Y. L.R. 72.1. As 28 U.S.C. § 636(b)(1) states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of [the] court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406.

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the

Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

### B. Review of the ALJ's Decision

In reviewing a final decision of the Commissioner, a court is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where substantial evidence supports the ALJ's findings, the decision must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [ALJ's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).

## IV. DISCUSSION

Plaintiff objects to the Report and Recommendation on two grounds. First, Plaintiff argues that Judge Stewart erred in finding that the ALJ thoroughly explained her determination that there were not marked limitations in the childhood domain of acquiring and using information. Obj. at 1–2. Second, Plaintiff objects to Judge Stewart's recommendation to affirm the ALJ's finding that Plaintiff had the RFC to perform simple tasks. *Id.* at 2–5.

### A. Acquiring and Using Information

Plaintiff argues that the Report and Recommendation "parrots the ALJ's undue reliance on the intelligence tests, glossing over evidence favorable to the claim," such as the "limitations identified by Plaintiff's teacher, Ms. Gorman." *Id.* at 2. The Court observes that this objection

4

mirrors the argument presented in Plaintiff's Motion. *Compare id. with* Pl. Mot. at 8. Thus, the Court will review this objection for clear error. *See N.Y.C. Dist. Council of Carpenters*, 341 F. Supp. 3d at 336. Plaintiff's objection is a misreading of the Report and Recommendation, which explicitly addresses the limitations identified by Ms. Gorman in acknowledging evidence favorable to Plaintiff's claim. R. & R. at 8. Moreover, Judge Stewart cites to the opinions of psychologist Ruby Phillips and Drs. Fernandez and Hennessey who all found that Plaintiff's psychiatric impairment was not severe. *Id.* at 9. Judge Stewart's discussion of several other providers' opinions suggests that he did not unduly rely on the intelligence tests in reviewing the ALJ's decision. Accordingly, Judge Stewart did not commit clear error in concluding that the ALJ's finding—that there was less than a marked limitation in the childhood domain of acquiring and using information—was supported by substantial evidence. Remand on this ground is not warranted.

### B. RFC Finding

Next, Plaintiff objects to Judge Stewart's recommendation to adopt the ALJ's RFC determination on the grounds that the cases the Report and Recommendation cites to are distinguishable. Obj. at 3. Because Plaintiff raises a novel and specific argument, the Court reviews this objection *de novo*. *A.V. by Versace*, 191 F. Supp. 2d at 406. Nonetheless, this objection is not persuasive for two reasons. First, Judge Stewart relies on *Kya M.* and *Julie B.* to provide the legal framework undergirding his recommendation, not to analogize them to Plaintiff's circumstances. *See* R. & R. at 10. Second, the distinctions that Plaintiff identifies — namely that the cases did not address marked restrictions in concentrating, persisting, or maintaining pace — are immaterial. Marked limitations in concentrating, persisting, and maintaining pace are exactly the marked limitations in mental functioning that *Kya M.* and *Julie*

*B.* contemplate. *See Julie B.*, 578 F. Supp. 3d at 353; *Kya M.*, 506 F. Supp. 3d at 166. The analogy to *Thomas W.* is also apt because both concern an RFC that contemplated the plaintiff's marked limitations. 666 F. Supp. 3d at 219–20. These cases suggest that the ALJ's RFC that limits Plaintiff to "simple tasks," "occasional interaction with supervisors, coworkers and the public, and "simple decisions" is consistent with Plaintiff's marked restrictions in concentrating, persisting, and maintaining pace. *See* Dkt. No. 8 at 33.

Plaintiff also argues that "[n]othing in the decision here explains why the marked limitations were omitted from the RFC." Obj. at 5. The Court notes that this objection restates the argument raised in Plaintiff's Motion and reviews this objection for clear error. *Compare* Obj. at 5 *with* Pl. Mot. at 11 (arguing that the ALJ included no marked limitations in her RFC finding). Yet as Judge Stewart notes, a plaintiff's RFC can address marked mental limitations if it limits the plaintiff to simple, routine, and repetitive tasks. R. & R. at 10 (citing *Julie B.*, 578 F. Supp. 3d at 353). Judge Stewart's observation that Plaintiff's RFC is consistent with Plaintiff's marked restrictions suffices to address the marked limitations. The Court finds no clear error here, so remand on this ground is not warranted.

V.   **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 13, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Motion for judgment on the pleadings, Dkt. No. 9, is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for judgment on the pleadings, Dkt. No. 11, is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 31, 2025
         Albany, New York

LAWRENCE E. KAHN
United States District Judge